# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| J.H. | PLAINTIFF |
| V. | CAUSE NO. 3:16-CV-00802-CWR-LRA |
| MANAGEMENT & TRAINING CORP., et al. | DEFENDANTS |

## ORDER

J.H. is incarcerated at East Mississippi Correctional Facility, a prison managed and operated by Management & Training Corporation. In August 2016, J.H. submitted a grievance to MTC which stated that, among other things, "On 8-1-16, I was raped by another inmate." In October 2016, J.H. brought a Section 1983 claim and a negligence claim for damages against MTC for failing to prevent his rape.[1] MTC has moved for summary judgment, arguing that these claims have not been properly exhausted. For the reasons below, MTC's motion is DENIED.

**I. Discussion**

On this motion, MTC bears the burden of demonstrating that J.H. "failed to exhaust available administrative remedies," as exhaustion is an affirmative defense.[2] MTC argues that both J.H.'s federal law and state law claims were not properly exhausted pursuant to the Prison Litigation Reform Act. But the PLRA's exhaustion requirement only applies to "[f]ederal law"

---

[1] The suit also brings claims against a host of John Does, who are the as-of-yet unknown MTC employees that failed to prevent his rape.
[2] *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

claims – not state law claims.³ MTC has pointed only to the PLRA as the reason for dismissing J.H.'s negligence claim. As such, the Court will deny the motion's request to dismiss that claim.⁴

The PLRA's exhaustion requirement does, however, apply to J.H's Section 1983 claim. Under *Johnson v. Johnson*, J.H. has satisfied that requirement if his Section 1983 claim has a "basis" in the "problem[s]" MTC was given "fair notice" of through his grievance.⁵ On this motion, MTC must show there is no "genuine dispute" of any "material fact" as to whether the problems raised in J.H.'s grievance are the basis for his Section 1983 claim.⁶

### A. What Problems Was MTC Notified of by J.H.'s Grievance?

J.H.'s grievance reads as follows:

> *Date of Incident:* 8-2-16. *Time of Incident:* 8:30 a.m. *Place of Incident:* Unit 3-C zone door. *Alleged Complaint:* Conflict with staff. On 8-1-16, I was raped by another inmate. I went to the door after shift change and told Officer Ford (who works Unit 3) that I needed to go to the clinic for a breathing treatment. I told her to please call them. Then I told her that I had been raped. She laughed at me and said did he rape you in your booty, like it was a joke. I told her I was serious. She never called medical. When they let me go to the library, I went to medical and reported the rape to Nurse Edwards. *Relief Requested:* Officer Ford should take things more serious when it comes to offenders safety and well being. Whatever punishment that seems proper for her actions.⁷

MTC argues that J.H.'s grievance only notified them of a single problem: that Officer Ford – not MTC itself – "fail[ed] to take [J.H.] to the medical department immediately after he reported

---

³ 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "In other words, the PLRA requires inmates alleging harm from a state's prison conditions to comply with that institutions grievance procedures before seeking redress in federal court under § 1983." *A.N.R. ex rel. Reed v. Caldwell*, 111 F.Supp.2d 1294, 1297 (M.D. Ala. 2000).
⁴ Even if MTC *had* argued that Miss. Code Ann. § 47-5-803 required J.H. to exhaust his state law claims before filing suit, it is unlikely that the resulting analysis of J.H.'s negligence claim would differ from the analysis applied to J.H.'s Section 1983 claim. The exhaustion requirements in Miss. Code Ann. § 47-5-803 and the PLRA are nearly identical, and both of J.H.'s claims share a basis in the problems raised in his grievance.
⁵ 385 F.3d 503, 516 (5th Cir. 2004) ("[T]o exhaust his claims properly . . . a grievance should give prison officials 'fair notice' of the problem that will form the basis of the prisoner's suit.").
⁶ Fed.R.Civ.P. 56(a).
⁷ Docket No. 43-2.

the alleged rape."[8] It is true that this is the only problem the grievance describes in great detail. And it is true that this problem is not the basis for J.H.'s complaint, which only alleges harms stemming from his rape, not MTC's failure to properly respond to that rape. But it is also true that the grievance includes the phrase, "On 8-1-16, I was raped by another inmate." The question is whether this undetailed allegation gave MTC fair notice of a problem.

The answer lies, in part, within MTC's rules regarding grievance procedures.[9] Those rules do not state that a grievance can only address one problem, or only the problem at the heart of the grievance. Nor did those rules state that a grievance must frame problems using the "specific legal theory" relied on in a future lawsuit.[10] Instead, MTC's rules simply state that a grievance must be as detailed "as possible" when describing a problem.[11]

Under *Johnson*, the proper amount of detail is that which "gives officials a fair opportunity to address the problem."[12] The requisite level of detail, then, "depend[s] on the type of problem" at issue.[13] To allow officials to address a problem regarding a specific inmate or officer, a grievance must include "details regarding who was involved and when the incident occurred."[14] But when a problem regards conditions created by prison policy, officials can address it "whether or not the grievance names anyone."[15] For example, a grievance can merely state that "prices in the commissary are too high" in order for officials to address the relevant policy problem.[16] In short,

---

[8] *See* Defendant's Brief in Support of this Motion, Docket No. 37 at 10.
[9] *Johnson*, 385 F.3d at 517 ("[T]he specificity require[d within any grievance] should be interpreted in light of the grievance rules of the particular prison system.").
[10] *Id.* at 517-18.
[11] *See* Docket No. 43-13 (excerpt from manual detailing MTC's grievance procedures).
[12] *Johnson*, 385 F.3d at 517.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*

*Johnson* says that a relatively undetailed statement in a grievance can give fair notice of a problem with a prison condition or policy.

Here, it is unclear if the phrase "On 8-1-16, I was raped by another inmate" suggests a problem with a prison condition or policy, rather than a problem with an individual. On one interpretation of that phrase, J.H. was suggesting a problem with the particular inmate who allegedly raped him. On this view, J.H. failed to give MTC a fair opportunity to address the problem because his grievance did not name his rapist. Under another interpretation of that phrase, however, J.H was suggesting a problem with prison condition or policy – namely, the inadequacy of procedures aimed at preventing the rape of inmates.

The record indicates that MTC adopted this latter interpretation. In an August 2016 memo, MTC told J.H. that it was investigating his grievance to see if it stated a violation of the rules created by the Mississippi Department of Corrections pursuant to the Prison Rape Elimination Act.[17] Those rules, according to MDOC, are aimed at "preventing, detecting and responding to sexual abuse and sexual misconducts in the correctional setting."[18] In a December 2016 memo, MTC told J.H. that the resulting investigation found his grievance's allegations "[u]nsubstantiated."[19] That memo framed the alleged PREA rule violation as one claiming "that [J.H. was] sexually assaulted by [his] roommate" – *not* that Officer Ford had failed to properly respond to that rape.

---

[17] In a memo titled "Administrative Remedy Program: Second Step Response Form," MTC informed J.H. that "The Mississippi Department of Corrections is directed to conduct the necessary inquiries to determine if [the] MDOC Prison Rape Elimination Act Policies and Procedures are applicable to your complaint." Docket No. 43-6 at 1.
[18] *See* Mississippi Department of Corrections Annual Prison Rape Elimination Act (PREA) Report 2014, available at http://www.mdoc.ms.gov/Divisions/Documents/Annual%20PREA%20Report%202014.pdf, a report which this Court takes judicial notice of as a fact "not subject to reasonable dispute" pursuant to Fed. R. Evid. 201.
[19] This memo, titled "PREA Investigation," states that "A PREA investigation was initiated after you, [J.H.], alleged that you were sexually assaulted by your roommate. You stated to the facility investigator that you were penetrated and you waited until the next day to tell authorities[.] . . . Due to the findings of this PREA investigation this case has been deemed an Unsubstantiated case by the EMCF Investigations Department." Docket No. 43-11.

These statements do not definitively prove that MTC interpreted J.H.'s grievance as presenting a problem with MTC ability to prevent inmate rape. But those statements do establish that the "evidence is such that a reasonable jury could [decide the issue] for the nonmoving party," J.H.[20] The record therefore creates a genuine dispute of material fact as to whether J.H.'s grievance notified MTC that its policies did not protect inmates from rape.

### B. Was The Relevant Problem The Basis For This Suit's Claims?

The remaining question is whether an alleged failure by MTC to protect its inmates from rape forms the basis of the federal claim in J.H.'s suit. It is clear that this is the case. J.H.'s Section 1983 claim alleges that MTC and its employees violated J.H.'s constitutional rights by failing to "conduct routine cell checks," and therefore caused his rape.[21]

## II. Conclusion

MTC has failed to provide any valid legal reason for dismissing J.H.'s negligence claim. MTC's exhaustion arguments regarding J.H.'s Section 1983 claim also fail, as the record indicates a genuine dispute of material fact as to whether the problems raised in J.H.'s grievance are the basis for that claim. For these reasons, MTC's motion for summary judgment is DENIED.

**SO ORDERED**, this the 26th day of October, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[21] Plaintiff's Amended Complaint, Docket No. 34 at 4 – 6.