# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **J.H.** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 3:16-CV-00802-CWR-LRA** |
| **MANAGEMENT & TRAINING CORP., et al.** | **DEFENDANTS** |

## ORDER

J.H. has sued Management & Training Corporation for failing to prevent one of its inmates from raping him. This Court issued an order denying MTC's motion for summary judgment on J.H.'s claims. MTC now asks this Court to certify an interlocutory appeal of that order. That request can be granted when (1) the order involves a "controlling question of law," (2) there is "substantial ground for difference of opinion" regarding that question, and (3) the appeal would "materially advance" the end of the litigation.[1]

The order does deal with a controlling question of law, namely, when a grievance can give "fair notice" of a problem to prison officials.[2] However, there is no "substantial ground" to disagree with this Court's answer to that question. Given MTC's grievance rules, a jury could find that a grievance saying "On [given date], I was raped by another inmate" gave MTC fair notice of potentially flawed anti-rape policies.[3] MTC's request to certify an appeal is therefore DENIED.

**SO ORDERED**, this the 19th day of December, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1292(b).
[2] *See Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) ("[T]o exhaust his claims properly . . . a grievance should give prison officials 'fair notice' of the problem that will form the basis of the prisoner's suit.").
[3] *See id.* at 517 (describing the level of detail required in a grievance to put officials on notice of a problem with prison conditions or policies).